CHRISTINE S. BALABUCH,     )
       )
   *Plaintiff,*     )
       )     Case No. 1:25-cv-137
v.       )
       )     Judge Atchley
       )
COMMISSIONER OF SOCIAL     )     Magistrate Judge Poplin
SECURITY ADMINISTRATION,     )
       )
   *Defendant.*     )

## <u>ORDER</u>

On May 18, 2026, United States Magistrate Judge Debra C. Poplin filed a Report and Recommendation [Doc. 24] pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Referral Order [Doc. 22]. The Magistrate Judge recommends that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 21] be denied as moot and that the Court adopt the parties' Joint Stipulation for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. 23]. No party has filed an objection to the Report and Recommendation.[1] The Court has nonetheless reviewed the Report and Recommendation, as well as the record, and agrees with Magistrate Judge Poplin's well-reasoned conclusions.

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Poplin's findings of fact and conclusions of law as set forth in the Report and Recommendation [Doc. 24]. Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc.

---

[1] The Magistrate Judge advised that the parties had 14 days in which to object to the Report and Recommendation and that failure to do so would waive any right to appeal. [Doc. 24 at 5 n.2]; *see* FED. R. CIV. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

21] is **DENIED AS MOOT**, and the Court hereby **ADOPTS** the parties' Joint Stipulation for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. 23]. Plaintiff is awarded **$7,093.65** in attorney fees and expenses under the Equal Access to Justice Act, plus **$405.00** in costs to be paid from the Judgment Fund administered by the United States Treasury.

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States. If Plaintiff owes no debt to the United States, the payment of EAJA fees can be made to Plaintiff's counsel to the extent Plaintiff and her counsel have executed a valid fee assignment.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

2